```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARIA VERAS,

                    Plaintiff,           05 Civ. 10782 (GBD)(DFE)

          -against-                      REPORT AND RECOMMENDATION
                                         TO JUDGE DANIELS
JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.
------------------------------------X
```

DOUGLAS F. EATON, United States Magistrate Judge.

     Represented by Christopher Bowes, Esq., Maria Veras seeks judicial review of a final decision of the Commissioner of Social Security that denied her application for Supplementary Security Income ("SSI") disability benefits. She alleges that she has been unable to work since her March 2002 surgery, because she suffers from (1) chronic shortness of breath due to surgical resection (removal) of the left phrenic nerve [1] during a thymectomy [2] that removed a benign thymic neoplasm (tumor); (2) a herniated disc at the L4-L5 levels and disc bulges at L3-L4 and L5-S1 levels; and (3) depression.

     From July 2006 to October 2006, the attorneys briefed a motion and cross-motion for judgment on the pleadings. Judge Daniels referred the motions to me on March 30, 2007. **I apologize for the delay in preparing this Report. For the reasons I shall discuss, I recommend that Judge Daniels remand this case to the Commissioner as soon as possible.**

---

    [1] The phrenic nerve is made up mostly of motor nerve fibers for producing contractions of the diaphragm. The left phrenic nerve passes over the left ventricle and pierces the diaphragm separately. Severing of the phrenic nerve will paralyze that half of the diaphragm, and will make breathing more difficult. *See* www.en.wikipedia.org.

    [2] A thymectomy is the surgical removal of the thymus gland. The thymus is a small organ that lies in the upper chest under the breastbone, and it is part of the lymph system. The thymus makes white blood cells, called lymphocytes, that protect the body against infections. *See* www.webmd.com.

**DISCUSSION**

     Ms. Veras, a naturalized U.S. citizen, was born on November 1, 1964. From 1987 to 1992 she was a factory worker. From 1998 through January 2002, she worked as a home attendant, a job that required her to lift as much as 100 pounds. (Tr. 38.) When her third daughter was born in February 2002, physicians discovered a tumor in her chest. The tumor was surgically removed in March 2002. The surgery report noted that the tumor was wrapped around the phrenic nerve, and therefore the nerve was "sacrificed" by the surgeon. (Tr. 129.) As a result, the left half of her diaphragm is elevated. (Tr. 102.) On June 13, 2003, more than a year after the surgery, Dr. Balinberg (a consulting physician) performed various tests, including a pulmonary function test that he reported as "Suggestive of restrictive respiratory dysfunction." (Tr. 161, 163.)

     On January 19, 2005, Ms. Veras testified at a hearing before Administrative Law Judge Mark J. Hecht. (Tr. 197-213.)

     On April 18, 2005, ALJ Hecht issued a decision denying SSI disability benefits. (Tr. 10-17.) His decision became the Commissioner's final decision. (Tr. 5.) ALJ Hecht found that plaintiff was not disabled because she "has the residual functional capacity ["RFC"] to perform the physical exertion requirements of light work." (Tr. 16.) He acknowledged that Dr. Balinberg found plaintiff unable to stand or walk for extended periods, which would mean that she could not perform "light work." However, the ALJ found that Dr. Balinberg's opinion "is not consistent with the preponderance of the medical evidence." He described the mental and physical evidence, and he clearly relied on a Physical RFC Assessment that he mistakenly believed to have been written by a physician. ALJ Hecht's decision said (with my emphasis in bold font):

> Residual functional capacity assessment[s] **were completed by physicians** from the Bureau of Disability Determinations who reviewed the medical evidence and found the claimant has no limitations of mental functioning (Exhibit 9F) and found her able to lift or carry 10-20 pounds, sit, **stand or walk for 6 hours during an 8 hour day** (Exhibit 6F [actually **7F**]).
>                *   *   *
> After careful review of the entire record I conclude that the claimant retains the residual functional capacity to perform light work activity. In

> order to perform light work activity an individual must
> have the ability to sit, stand and walk and lift and
> carry up to 20 pounds.  Although Dr. Balinberg found
> the claimant unable to stand or walk for extended
> periods of time, a require[ment] for light work, his
> opinion is not consistent with the preponderance of the
> medical evidence.  In this case **the reviewing physician
> found the claimant able to perform light exertion**
> (**Exhibit** 6F [actually **7F**]).  Dr. Finger, a consulting
> physician, opined that the claimant has only mild
> limitation of the ability to sit and only moderate
> limitations of her ability to stand, walk, lift or
> carry (Exhibit 5F).  Dr. Tio, a treating physician,
> reported that clinical and laboratory findings are
> normal and did not indicate that the claimant had any
> functional limitations (Exhibit 3F).  Dr. Castro, also
> a treating physician, opined that the claimant was able
> to sit, stand or walk for 6 hours during an 8 hour day
> (Exhibit 1F).  Accordingly, I find that the claimant
> cannot lift or carry heavy weight, as required for
> medium work, but has the residual functional capacity
> to perform the exertional requirements of light work.

(Tr. 14-15.)  One minor note, as pointed out in AUSA Baird's 9/27/06 Mem. at p. 5 n.2:  ALJ Hecht incorrectly referred to the Physical RFC Assessment as Exhibit 6F; it is really Exhibit 7F.  Exhibit 6F is Dr. Balinberg's report.  (Compare Exh. 6F, which appears at Tr. 159-166, with Exh. 7F, which appears at Tr. 167-172.)

The Physical RFC Assessment was **not** prepared by a physician.  It was signed at Tr. 172 by "B. Randall DA II."  AUSA Baird's 9/27/06 Mem. at p. 5 concedes that B. Randall is "a state agency analyst" and not a physician.  The ALJ erred when he mistook a layperson for a "reviewing physician" and cited the layperson's opinion as "medical evidence" to undermine the opinion of Dr. Balinberg.

Next, the ALJ's decision referred to Dr. Finger, whose report (Tr. 156-158) said:  "Overall prognosis is guarded. ... [T]he clamaint appears mildly limited in the duration of time able to sit, moderately limited in the duration can stand, moderately limited in the distance can ambulate, and moderately limited in the ability to lift and carry as a result of all these factors."  (Tr. 157.)  However, "light work" requires "a good deal" of standing or walking.  20 C.F.R. §§404.1567(b); 416.967(b); SSR 83-10.

Next, the ALJ pointed to Dr. Tio, and made a misleading

statement that Dr. Tio "did not indicate that the claimant had any functional limitations."  The SSA sent Dr. Tio an 8-page form (Tr. 146-153.)  In May 2003, he filled out only some of the form.  He noted that he saw her only in May 2001, which was ten months **before** the surgery that cut her phrenic nerve.  He treated her for anxiety and nervousness.  When he got to the questions about plaintiff's physical capacities to stand, walk, etc., he simply gave **no answers**.  (See Tr. 150-151.)

Finally, the ALJ referred to the report of Dr. Castro (Tr. 80-88).  Unfortunately, the SSA sent Dr. Castro a form that was different from the form used by "B. Randall DA II."  The form sent to Randall was more precise and asked about "an 8 hour workday":

> Stand and/or walk (with normal breaks) for a total of -
> __ less than 2 hours in an 8 hour workday
> __ at least 2 hours in an 8 hour workday
> __ about 6 hours **in an 8 hour workday**

(Tr. 168, with my emphasis.)  Less precise was the form sent to Dr. Castro; it asked her:

> Stand and/or Walk
>   __ No Limitation     __ Limited (please check extent below)
>
>    __ up to 8 hours per day     __ up to 6 hours **per day**
>    __ up to 2 hours per day     __ less than 2 hours per day

(Tr. 83, with my emphasis.)  Dr. Castro checked the spaces for "Limited" and for "up to 6 hours per day."  However, three inches below that, under "Other," she checked "**Limited**" and she wrote: " - - Bending forward  - - **Prolonged** standing or sitting."  (Tr. 83, with my emphasis.)  At the hearing, Mr. Bowes pointed out that those entries in Dr. Castro's report were internally inconsistent.  (Tr. 212.)  He then said:

> ATTY:  And I was hoping to get a clarification from Dr. Castro, also an update.  I think that was - -
> ALJ:  All right.  How much time do you anticipate you'll need for that?
> ATTY:  Two weeks.

(Tr. 212.)  It appears that Mr. Bowes did not obtain a clarification from Dr. Castro.  But the ALJ should have tried to obtain one himself.  He should not have written that "Dr. Castro ... opined that claimant was able to sit, stand or walk for 6 hours during an **8 hour** day."  (Tr. 15, emphasis added.)

-4-

Moreover, the ALJ was under the mistaken impression that "B. Randall DA II" was a physician.  Certainly Dr. Finger and Dr. Tio did not undermine Dr. Balinberg's opinion.

The ALJ acknowledged that Ms. Veras's pre-surgery "work experience as a home health aide ... is beyond her current residual functional capacity."  (Tr. 16.)  However, he wrote:

> ... The claimant has a 3 year old child [born the month before the surgery] that she cares for and [the claimant] is not receiving any regular medical treatment.  Therefore, I find the claimant's subjective complaints are exaggerated.

(Tr. 15.)  However, it is an exaggeration to say that Ms. Veras "cares for" the child who turned 3 in February 2005.  At the January 2005 hearing, Ms. Veras testified that her husband left her after her operation.  (Tr. 205-06.)  The ALJ then asked:

```
Q  Do you have any difficulty caring for your daughter?
A  I have a 14-year-old daughter that, that helps me
     with her.
Q  Do you do any of the grocery shopping, ...?
A  No.  I have the shopping delivered.
```

(Tr. 206.)  Two years later, the child is 5, the older daughter is 16, and Ms. Veras is 42.  Also, Mr. Bowes noted at Tr. 209 that she brought an albuterol pump to the hearing; she explained that her doctor says she does not have asthma but he prescribed the pump because of her breathing problem.  There is apparently no treatment for the nerve that was severed from the diaphragm during the March 2002 surgery.  At Tr. 211, Mr. Bowes elicited that her doctors have suggested physical therapy for the herniated disc in her lower back, and that she does that physical therapy.  In sum, it is hard to see why the ALJ wrote that she "is not receiving any regular medical treatment."

## CONCLUSION AND RECOMMENDATION

Accordingly, I recommend that Judge Daniels **remand this case to the Commissioner as soon as possible**, so that the ALJ can ask Dr. Castro to clarify her report and, if necessary, the ALJ can obtain an update from Dr. Balinberg.  Unless Dr. Castro says that Ms. Veras can stand or walk for 6 hours in **an 8-hour workday**, then the ALJ may well conclude that Dr. Balinberg's opinion (Tr. 159-61, signed 6/13/03) is controlling.  "B. Randall" is not a physician, and Dr. Finger and Dr. Tio did not remotely undermine Dr. Balinberg's opinion.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. **no later than August 31, 2007**) by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. George B. Daniels, U.S.D.J. at Room 630, 500 Pearl Street, New York, NY 10007, and (c) to me at Room 1360, 500 Pearl Street, New York, NY 10007.  Failure to file objections within 10 business days will preclude appellate review.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e).  Any request for an extension of time must be addressed to Judge Daniels.

                                                        _____
                                                        DOUGLAS F. EATON
                                                        United States Magistrate Judge
                                                        500 Pearl Street, Room 1360
                                                        New York, New York 10007
                                                        Telephone: (212) 805-6175
                                                        Fax: (212) 805-6181

Dated:    New York, New York
            August 17, 2007

Copies of this Report and Recommendation are being sent by fax and by mail to:

Christopher J. Bowes, Esq.
CeDAR, Inc.
841 Broadway, Suite 605
New York, New York 10003
(Fax No. 212-979-8778)

Susan D. Baird, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
(Fax No. 212-637-2750)

Judge George B. Daniels

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. **no later than August 31, 2007**) by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. George B. Daniels, U.S.D.J. at Room 630, 500 Pearl Street, New York, NY 10007, and (c) to me at Room 1360, 500 Pearl Street, New York, NY 10007. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to Judge Daniels.

/s/ Douglas F. Eaton
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:   New York, New York
         August 17, 2007

Copies of this Report and Recommendation are being sent by fax and by mail to:

Christopher J. Bowes, Esq.
CeDAR, Inc.
841 Broadway, Suite 605
New York, New York 10003
(Fax No. 212-979-8778)

Susan D. Baird, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
(Fax No. 212-637-2750)

Judge George B. Daniels